UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY EARL TROUPE, JR., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 17-cv-00875 (TSC)<br>) |
| ATTORNEY GENERAL<br>OF THE UNITED STATES, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, challenges the constitutionality of the Sex Offender Registration and Notification Act ("SORNA"). Defendant has moved to dismiss for lack of jurisdiction (ECF No. 13), and Plaintiff has moved to amend the complaint, seeking to add new plaintiffs and new claims (ECF No. 20). For the reasons explained below, Defendant's motion will be GRANTED and Plaintiff's motion will be DENIED.[1]

---

[1] "A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012). Such is the case here. Plaintiff and four other prisoners have sued the Attorney General and five federal judges, challenging their rulings under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (*See* Compl. Caption and Compl. at 5-6, ECF No. 20). Not only is the RICO claim barred by sovereign immunity, *Norris v. Dep't of Defense*, No. 96-5326, 1997 WL 362495 (D.C. Cir. May 5, 1997) (per curiam); *Klayman v. Obama*, 125 F. Supp. 3d 67, 79 (D.D.C. 2015) (citing cases), but a complaint against a judge who has "done nothing more than [her or his] duty" is "a meritless action," *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995).

1

## I. BACKGROUND

In May 2010, Plaintiff was indicted in the Western District of Missouri on one count of distributing child pornography, one count of receiving child pornography, and one count of possessing child pornography. *Troupe v. United States*, No. 10-03038-01-CR-S-ODS, 2014 WL 7330988, at *1 (W.D. Mo. Dec. 19, 2014). He pled guilty in August 2011 to the count of receiving child pornography and was sentenced to 180 months' imprisonment. *Id*. at *1-2. Plaintiff alleges that he "is required to comply with 42 U.S.C. §§ 16901 *et seq*.," transferred to Title 34 of the U.S. Code effective Sept. 1, 2017. (Compl. ¶ 1). Although Plaintiff's current release date is not until July 16, 2023, https://www.bop.gov/inmateloc, he contends that the statute violates, among other things, "his fundamental right to privacy" and "constitutes an ex post facto law." (Compl. ¶ 2) (emphasis in original). Plaintiff "demands judgment" in his favor, asserting that the statute "misrepresents the social risk of non-violent, no-contact offenders who are determined to be low risk for recidivism and subjugate[s] them to punitive restrictions of a sex offender registry . . . and damages their ability to integrate back into society." (Compl. at 5).

## II. LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (internal citations omitted). "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v.*

*Thaler*, 565 U.S. 134, 141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996). Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim. *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Federal courts are vested with the power of judicial review extending only to "Cases" and "Controversies." U.S. Const. art. III, § 2. Courts have, in interpreting this limitation on judicial power, "developed a series of principles termed 'justiciability doctrines,' among which are standing, ripeness, mootness, and the political question doctrine." *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)). The "core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"; (2) that "a causal connection" exists "between the injury and the conduct complained of . . ., and [is] not the result of the independent action of some third party not before the court"; and (3) that the injury will "likely" be redressed by a favorable decision. *Id*. at 560-61 (alterations, internal quotation marks, and citations

omitted). "[T]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). And while courts construe *pro se* filings liberally, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the non-justiciability of the case and the absence of jurisdiction cannot be overcome by liberal construction of the complaint.

### III. ANALYSIS

Defendant argues that this court lacks jurisdiction because (1) Plaintiff's claim is essentially a challenge to the supervised release portion of his sentence, which must be brought in the sentencing court under 28 U.S.C. § 2255; and (2) Plaintiff, having already been denied relief under § 2255, must obtain permission from the Eighth Circuit Court of Appeals to file a successive petition in the sentencing court. (Def.'s Mem. at 5-6, ECF No. 13). Plaintiff does not dispute those arguments, but the court finds them

4

inapposite. Plaintiff challenges SORNA, which, wholly separate from a sentencing order, "'establishes a comprehensive national system for the registration of [sex] offenders,' requiring all sex offenders to register their residence and place of employment using state-based registries." *United States v. Johnson*, 632 F.3d 912, 914-15 (5th Cir. 2011) (quoting 42 U.S.C. §§ 16901) (brackets in original). SORNA, "passed by Congress in 2006, 'seeks . . . to make more uniform and effective' the 'patchwork of federal and 50 individual state [sex offender] registration systems.'" *United States v. Ross*, 848 F.3d 1129, 1130 (D.C. Cir. 2017) (quoting *Reynolds v. United States*, 565 U.S. 432, 132 S.Ct. 975, 978 (2012) (alterations in original).

SORNA states in relevant part:

**(a) In general**

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

**(b) Initial registration**

The sex offender shall initially register—

(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

34 U.S.C. § 20913. Thereafter, the offender must maintain a current registration and within three business days of a "change of name, residence, employment, or student status," he must "appear in person in at least 1 jurisdiction" where he is required to

register "and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." *Id*. § 20913(c). "A separate provision of SORNA create[s] a federal criminal offense for traveling interstate and failing to register as a sex offender." *United States v. Johnson*, 632 F.3d 912, 915 (5th Cir. 2011) (quoting 18 U.S.C. 2250(a)); *see Ross*, 848 F.3d at 1130-31 ("SORNA imposes federal criminal penalties [fine, imprisonment of not more than 10 years, or both] on a person who is subject to the act's registration requirements, who 'travels in interstate or foreign commerce,' and who knowingly fails to update his registration when required by the act to do so.") (quoting 18 U.S.C. § 2250(a)).

As indicated above, Plaintiff is not due to be released from prison before July 2023. He does not allege that he has registered in any jurisdiction under SORNA or faced any consequences for failing to register. Even so, "having to register or to face prosecution under state law for failing to do so" is not an injury that is "redressable in federal court" and thus "does not satisfy an element of Article III standing." *Bacon v. Neer*, 631 F.3d 875, 880 (8th Cir. 2011) (citing *Lujan*, 504 U.S. at 560-61).

Furthermore, mere speculation about a federal prosecution not only fails to satisfy the injury element but is untenable here because Plaintiff's incarceration prevents him from traveling "in interstate or foreign commerce" unescorted. 18 U.S.C. § 2250(a)(B). Therefore, dismissal is warranted under Rule 12(b)(1), albeit for lack of standing.

6

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss for want of jurisdiction will be GRANTED, and Plaintiff's motion to amend the complaint will be DENIED.  A corresponding order will issue separately.

Date:  July 11, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge