# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JERRY EARL TROUPE, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 17-cv-00875 (TSC) |
| ATTORNEY GENERAL OF THE UNITED STATES, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Pending is Plaintiff's Motion to Correct the Errors in the Case, which is construed as a motion under Fed. R. Civ. P. 60(b) for relief from the July 11, 2018 Order, dismissing this case for want of jurisdiction. *See* Mem. Op., ECF No. 27 (finding Plaintiff lacked Article III standing). For the reasons explained below, Plaintiff's motion will be DENIED.

Rule 60(b) permits a party to seek relief from a final order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The latter catch-all provision is applicable here. Courts "should grant Rule 60(b)(6) motions only in extraordinary circumstances," and "plaintiffs must clear a very high bar to obtain relief[.]" *Kramer v. Gates*, 481 F.3d 788, 791, 792 (D.C. Cir. 2007) (citation and internal quotation marks omitted); *see Gonzalez v. Crosby*, 545 U.S. 524,

535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Moreover, to ensure generally that reopening a case is worthwhile, "movants must show that their underlying claims have at least some merit." *Thomas v. Holder*, 750 F.3d 899, 902 (D.C. Cir. 2014) (quoting *Marino v. DEA*, 685 F.3d 1076, 1080 (D.C. Cir. 2012)).

Troupe has offered nothing, much less extraordinary reasons, to justify reopening this case. He claims that rather than addressing the complaint, both the court and the defendant addressed "a motion to challenge the sex offender registration" that he allegedly filed but which "should have been denied because it had nothing to do with" the original complaint. Mot. at 1. Therefore, he requests that the case be reopened, and the Attorney General be required "to respond to the issues that the case was opened originally." Mot. at 2. Troupe's puzzling argument is based on a false premise. The Complaint is introduced as "questioning" the "Constitutionality of 42 U.S.C. § 16901 *et seq*.," Compl. at 1, and the allegations do not stray from that subject. *See* Mem. Op. at 2 ("Plaintiff alleges that he 'is required to comply with 42 U.S.C. §§ 16901 *et seq*.,' transferred to Title 34 of the U.S. Code effective Sept. 1, 2017.") (quoting Compl. ¶ 1)). Accordingly, Troupe's construed motion for relief under Rule 60(b) will be denied.

As an alternative to reopening this action, Troupe, a federal prisoner, demands that his payments toward the filing fee be refunded and no more deductions be taken from his prison account. Mot. at 2. But the filing fee for any civil action is due at the commencement of a case, 28 U.S.C. § 1914, and the Prison Litigation Reform Act does not authorize modification of the provisions governing installment payments by

prisoners.  *See* Order, ECF No. 4 (assessing partial filing fee in accordance with 28 U.S.C. § 1915(b)).  Courts may permit a case brought by an indigent litigant to proceed "without prepayment of fees," 28 U.S.C. § 1915, but "[u]nlike other litigants, prisoners accorded [pauper] status can no longer avoid payment of filing fees altogether.  They instead are permitted to pay in monthly installments rather than in one, up-front payment."  *Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir. 2014), *aff'd sub nom. Bruce v. Samuels*, 136 S. Ct. 627 (2016 (citing § 1915(b)).  The "initial partial filing fee accrues in each case[,]" *id.* at 8, and the "monthly installment payments, like the initial partial payment, are to be assessed on a per-case basis," *Bruce*, 136 S. Ct. at 629.  Accordingly, Troupe's construed request to modify or vacate the assessment order will be denied as well.  A corresponding order will issue separately.

Date:  July 22, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge